## Commonwealth v. Aley

*Alfred A. Taxis,* district attorney, for Commonwealth.

*William F. Fox,* for defendant.

KNIGHT, P. J., March 17, 1954.—This was a case tried by a judge after defendant and the district attorney had waived a jury trial and the waiver had been approved by the court.

Defendant was charged in the bill of indictment with operating a motor vehicle after suspension of operating privilege.

The trial judge found defendant not guilty and placed the costs on the county.

The assistant district attorney informed the trial judge that he wished a transcript of the testimony to send to the Secretary of Revenue, hence the trial judge thought he should set forth his reasons for rendering the verdict of not guilty.

Defendant was arrested on June 12, 1953, for driving 65 miles per hour on route 309 in Montgomery County. She pleaded guilty to the charge of exceeding the speed limit and paid a fine and costs.

On September 22, 1953, the Secretary of Revenue, without any hearing, suspended defendant's operating privilege for a period of 90 days.

Defendant continued to drive her car every day and on December 10, 1953, she was arrested for operating a motor vehicle on December 5, 1953, during the suspension of her operator's privilege. All of the above facts are admitted. Defendant's only defense was that she never received any notice of the suspension and did not know that her operating privilege had been suspended.

The evidence disclosed that notice was sent to defendant by registered mail addressed to Dorothy E. Aley, R. D. No. 3, Quakertown, Bucks County, Pa.

Defendant lives in a tenant house on an estate; she drives to Philadelphia every day to her business. Her

mail is placed by the rural carrier in a box a good square from her home, which box she shares with several other people. On September 23, 1953 the rural carrier took the registered letter to the above-mentioned box, but seeing no one about defendant's home, he followed instructions and left a note for her to call for the registered letter. Defendant did not call for the letter and the next day, September 24th, the rural carrier left another note requesting her to call for the registered mail. When she did not call the registered letter was returned to the Department of Revenue on September 29, 1953, as unclaimed. Defendant in September 1953 was living with her three small children in the tenant house. She was working in Philadelphia as a supervisor of demonstrators in super markets and her hours were from 9 a.m. often to 9 p.m. so that she would leave her home at 7 a.m. and not get back until 10 or 11 p.m. Her children were cared for by a neighbor so that during the daytime no one was at her house. She testified that on numerous occasions several days would go by without her going to the mail box and that some of the neighbors would bring her mail to the house. The notices left by the carrier were rather small yellow slips.

Defendant testified that she never received or saw the yellow slips and that she positively had no notice or knowledge that her operator's privilege had been suspended. Four of her neighbors testified to her reputation as a law-abiding citizen and the trial judge was impressed that she was telling the truth.

Section 615 (h) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, provides that an operator shall be notified of a suspension of his or her license. The act does not provide how this notice shall be given. In the absence of specific instructions as to how notice shall be given we must construe this penal statute to

mean that it is the duty of the Commonwealth in any given case to prove that the operator received notice of the suspension of his or her license. This the Commonwealth failed to do in the present case.

It must be remembered that the suspension of a license for speeding is discretionary with the Secretary of Revenue and not mandatory as in the case of certain misdemeanors such as driving under the influence of intoxicating liquor. Defendant in this case then had no constructive notice that her license would be suspended.

There is another and perhaps more potent reason for finding this defendant not guilty. Section 615(b) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, provides that before an operator's privilege may be suspended on a speeding charge, the operator must be given a hearing before the Secretary of Revenue or one of his representatives. The record before us discloses that defendant never had a hearing as provided by the above-mentioned section, nor was she ever notified of such a hearing.

The secretary then had no authority to suspend defendant's operating privilege.

For the above reasons the hearing judge found defendant "not guilty" and placed the costs on the County of Montgomery.